## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM TRAVIS,                              )
                                             )
       Plaintiff,                        )
                                             )
vs.                                          )   Case No. 25-cv-1419-RJD
                                             )
VILLAGE OF CASEYVILLE, IL, CODY              )
WILEY, JEFF JAENKE, PHILIP                   )
FERNANDEZ, TRAVIS HOGUET,                    )
ANDY REEL, and WOODROW HALL,                 )
                                             )   **Consolidated with:**
       Defendants.                       )
                                             )
_____             )
                                             )
YOLANDER HART,                               )   Case No. 25-cv-1478-RJD
                                             )
       Plaintiff,                        )
                                             )
vs.                                          )
                                             )
VILLAGE OF CASEYVILLE, IL,                   )
TRAVIS HOGUET, PHILIP                        )
FERNANDEZ, ANDY REEL, and                    )
WOODROW HALL,                                )
                                             )
       Defendants.                       )

## ORDER

**DALY, Magistrate Judge:**

Plaintiffs filed this civil rights lawsuit, alleging violations of their Fourth and Fourteenth Amendment rights related to two traffic stops in July 2023. The initial Scheduling Order set a discovery deadline for May 25, 2026 and a dispositive motion deadline of June 23, 2026. Doc. 34. The undersigned's case management procedures instruct parties that "motions to compel are

disfavored" and if a discovery dispute arises, the party seeking discovery shall email chambers regarding the dispute and attach any documents related to the dispute. Doc. 35.

On June 22, 2026, Defendants filed Motions for Summary Judgment. Docs 45 and 47. Two days later, Plaintiffs filed a Motion "to Compel Defendants' Amended Discovery Responses and Production of Responsive Documents." Doc. 48. Plaintiffs informed the Court that they did not receive Defendants' answers to Interrogatories and responses to Requests for Production until May 29, 2026 (four days after the discovery deadline), but gave the Court no context to explain why this happened, leaving the Court to wonder when the discovery was first served on Defendants and why Plaintiffs did not file a Motion to Compel prior to the discovery deadline.

Plaintiffs also did not attach the Interrogatories and Requests for Production to their Motion, but instead attached various correspondence between counsel regarding Plaintiffs' belief that Defendants should have provided additional information in their Responses. To the Court (without having seen the actual discovery requests and Defendants' responses), it seemed that because Defendants had responded "none" to certain requests, Plaintiffs were asking the Court to compel Defendants to provide additional information that Plaintiffs had not requested. For example, Defendants apparently responded "deleted in the ordinary course of business" when asked to produce body camera footage; Plaintiffs take the position that Defendants' response obligates them to produce, among other things, "all body-camera and dash-camera retention policies, purge schedules, and evidence- classification policies in effect in July 2023." Doc. 51-1, p. 5. The Court denied Plaintiffs' Motion, noting that it was filed after the Scheduling Order's discovery deadline and it did not comply with the undersigned's case management procedures for resolving discovery disputes.

On June 25, 2026, Plaintiff filed a Motion for Leave to Amend Scheduling Order for

limited discovery purposes, for expedited discovery dispute conference, and to extend the summary judgment response deadline.   Doc. 51.   Fifteen days later, Defendants filed a Response that objected to the Motion; pursuant to Local Rule 7.1(b)(2)(A), Defendants' response was due 14 days after the motion was filed.   Plaintiffs did not object to the tardy response but filed a Reply. Defendants' response was helpful to the Court in that they attached e-mail correspondence that explained why Plaintiffs did not receive responses to written discovery until May 29, 2026. Plaintiffs' counsel first attempted to serve Interrogatories and Requests for Production upon Defendants via email on March 13, 2026 and on May 1, 2026 Defendants' counsel replied, noting that only Requests for Production (no Interrogatories) were attached to the March 13, 2026 email. Doc. 52, pp. 4, 5.   Plaintiffs' counsel then sent the Interrogatories to Defendants' counsel on May 4, 2026.   *Id*., p. 4.

The Court still has not seen the actual Interrogatories, Requests for Production, or the responses/answers by Defendants.   Plaintiffs' current Motion asks the Court to extend the Scheduling Order so that the Court can "address the written discovery deficiencies created by Defendants' May 29, 2026 responses and to permit any production or limited follow-up ordered by the Court."   Plaintiffs explain that they need additional information to respond to Defendants' summary judgment motions.   Plaintiffs propose a six-step process for obtaining that information, including 'an expedited-dispute conference" and "if the dispute cannot be resolved at the conference, the Court permit expedited written submissions of Plaintiffs' discovery deficiencies."

This case is relatively young.   The undersigned routinely grants parties' first requests for amending the Scheduling Order, acknowledging that it is difficult to prepare a case for trial in 7-8 months, as long as good cause and/or excusable neglect are established pursuant to Federal Rules of Civil Procedure 6 and 26.   It seems that the inadvertent failure to attach the Interrogatories to

an email to Defendants' counsel (resulting in delayed responses by Defendants) constitutes good cause and excusable neglect, although Plaintiffs never presented that explanation to the Court. Regardless, additional time for discovery is appropriate and Plaintiffs' request for leave to amend the Scheduling Order is GRANTED.   Discovery will be reopened for 90 days.

Plaintiffs are cautioned, however, that the Court is not adopting or granting their proposed six-step process.   As previously ordered (Docs. 35 and 50), Plaintiffs' counsel must email Defendants' Responses to the Interrogatories and Requests for Production to RJDpd@ilsd.uscourts.gov and identify which responses require a ruling.   **It is very unlikely that the undersigned would order Defendants to produce or disclose information that was not requested in Plaintiffs' Interrogatories and Requests for Production.**   In the example previously mentioned, the undersigned would not order Defendants to produce footage retention policies in response to a Request for camera footage.   The Court continues to wonder exactly what Plaintiffs asked for in their Requests for Production and Interrogatories, and how exactly Defendants responded, but it seems that Plaintiffs may need to serve additional Interrogatories and Requests for Production upon Defendants.   If Plaintiffs have already served the maximum allowed by Federal Rules of Civil Procedure 33 and 34, then they should request leave to serve additional Interrogatories and Requests for Production.

The parties may engage in additional discovery until October 21, 2026.   The parties may engage in any type of relevant discovery allowed under the Federal Rules of Civil Procedure during that time.   Any Interrogatories or Requests for Production must be served at least 30 days prior to October 21, 2026.   Plaintiffs shall respond to Defendants' Motions for Summary Judgment on or before November 20, 2026.   The final pretrial conference is reset for 9:30 a.m. on February 16, 2027 and the jury trial is reset for 9:00 a.m. on March 2, 2027.   If the parties or counsel have a

conflict with these dates, they should file a motion as soon as possible.

**IT IS SO ORDERED.**

**DATED: July 22, 2026**

_____
**Hon. Reona J. Daly**
**United States Magistrate Judge**