**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **WILLIAM TRAVIS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**VILLAGE OF CASEYVILLE, IL, CODY WILEY, JEFF JAENKE, PHILIP FERNANDEZ, TRAVIS HOGUET, ANDY REEL, and WOODROW HALL,**<br><br>**Defendants.** | **Case No. 25-cv-1419-RJD**<br><br>**Consolidated with:** |
| **YOLANDER HART,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**VILLAGE OF CASEYVILLE, IL, TRAVIS HOGUET, PHILIP FERNANDEZ, ANDY REEL, and WOODROW HALL,**<br><br>**Defendants.** | **Case No. 25-cv-1478-RJD** |

# ORDER

**DALY, Magistrate Judge:**

In this case brought pursuant to 42 U.S.C. §1983, Plaintiff William Travis alleges that his civil rights were violated during a traffic stop on July 23, 2023 and during another traffic stop on July 25, 2023. Plaintiff Yolander Hart (mother of William Travis) alleges her civil rights were violated during the same traffic stop involving William Travis on July 25, 2023. This matter

comes before the Court on a discovery dispute conference between the parties regarding Defendants' answers and objections to Plaintiffs' written discovery. The Court held a discovery dispute conference on October 6, 2026. Plaintiffs bear the burden of establishing that additional responses to their Interrogatories and Requests for Production are relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1): *Motorola Solutions, Inc. v. Hytera Communications Corp.,* 365 F. Supp.3d 916, 929 (N.D. Ill. March 15, 2019).

Plaintiffs' Interrogatories 2-4 and 6-12 ask Defendants to give narrative explanations of the events at issue in this case. Defendants did not object. In their answers, they stated "see deposition testimony of police officers. Additionally, see police reports and video." Plaintiffs request that the Court compel Defendants to give "complete written answers." At the discovery dispute conference, counsel for Defendants explained that the information sought in Interrogatories 2-4 and 6-12 was found in the deposition testimonies and the police reports and video, and it was not proportional to the needs of the case for Defendants and their attorney to prepare additional answers with information already provided to Plaintiffs. Plaintiffs' counsel had no response to this argument, simply maintaining that the Federal Rules do not prohibit him from asking the same question in an Interrogatory that was asked at a deposition.

Plaintiffs' counsel's position is technically correct, and there are certainly legitimate reasons for asking an Interrogatory that duplicates a deposition question. For example, a party's answer given at a deposition could be incomplete or unclear and counsel might make that determination after reviewing the deposition transcript. The undersigned asked Plaintiffs' counsel if he had determined which of the Interrogatories sought answers already given at Defendants' depositions. Plaintiffs' counsel informed the Court that he had not compared the transcripts to his Interrogatories, which were sent to Defendants after the depositions. Plaintiffs'

counsel did not know whether he drafted the Interrogatories before or after the depositions. Plaintiffs' counsel received Defendants' answers to the Interrogatories more than four months before the discovery dispute conference and the depositions were taken at least five months before the discovery dispute conference. Compelling further answers by Defendants to Interrogatories 2-4 and 6-12 cannot be proportional to the needs of the case if Plaintiffs' counsel has not even attempted (in at least the last four months) to determine whether he already has the information sought.

Interrogatory #14 asks Defendants to "describe all training" provided to Caseyville police officers from 2018-July 25, 2023 regarding First Amendment rights. Defendants responded that they take a "Constitutional Use of Police Authority Certification class every few years" but did not provide any further information. Defendants shall supplement their answers to include the date of the First Amendment training most recently attended prior to July 25, 2023 and the name of the class and provider.

Interrogatory #15 asks the individual Defendants to "identify all training (on a variety of topics) received before July 23, 2023 and for each training, state the date, provider, length, and whether it was successfully completed." Defendants gave the same response to Interrogatory #15 that was given to Interrogatory #14. However, Defendants also provided Plaintiffs with their personnel files. Defendants shall supplement their answers to clarify whether they attended any training from July 23, 2018-July 23, 2023 other than what is reflected in their personnel files.

Interrogatory #16 asks for "all department policies, procedures, general orders, directive, or training standards that any Defendant contends governed their conduct during either incident and state whether each Defendant contends they complied with each such policy, procedure, order, directive, or standard." Defendants responded that their conduct is governed by Illinois law,

federal law, and a police department policy manual. Defendants have produced their policy manual. However, Defendants did not state whether they contend they complied with state law, federal law, and the department policies during the incidents at issue in this case. Defendants shall supplement their answers to include whether they contend that they complied with state law, federal law, and department policies during the incidents at issue in this case.

Interrogatory #17 seeks information regarding whether Defendants' body cameras, including whether they were activated and the names of any persons who "reviewed, downloaded, categorized, labeled, edited, or preserved" footage of the incidents at issue in this case. Defendants did not provide the names of persons who reviewed, downloaded, categorized, labeled, edited or preserved the footage, and shall supplement their answers with that information. Defendants' answer to Interrogatory #17 otherwise appears to be sufficient.

Request for Production #4 states "produce all documents identifying the person or entity currently possessing, storing, maintaining, or controlling any physical evidence, recordings or other materials relating to either incident." Defendants objected that this Request is vague, but answered that "police reports and body dash cam[s] are maintained by the Village of Caseyville" and "any dispatch records would be maintained by CENCOM." The Court agrees that "all documents identifying the person or entity" is vague and therefore Defendants' objection to Request #4 is SUSTAINED.

Request for Production #6 asks for all reports, records, citations, charging documents, notes and photographs related to the two incidents. Defendants responded "see attached." At the discovery dispute conference, counsel argued about whether and when Plaintiffs' counsel had opened an email sent by defense counsel's office that contained a link to the documents. This argument was not a good use of the Court's time. The parties did not make a serious attempt to

meet and confer prior to the discovery dispute conference.

Request for Production #10 asks for "all documents relating" to complaints, investigations, lawsuits, and/or disciplinary actions regarding alleged misconduct by any of the individual Defendants. Defendants objected that this request was overbroad and the Court agrees that the phrases "all documents relating" and "alleged misconduct" are overbroad. Defendants have provided their personnel files, and they shall supplement this response with any written informal or formal complaint dated July 23, 2018-July 25, 2025 regarding alleged misconduct during a traffic stop that was not included in their personnel files.

Request for Production #11 asks for "all training records, attendance records, certifications, lesson plans, course materials, manuals, and written training materials provided to any Defendant" regarding 12 different topics. Defendants objected that this request was overbroad and the Court agrees. Defendants shall supplement their response to Request #11 with any training materials or documents reflecting that they attended a training from July 23, 2018-July 25, 2023 regarding investigatory stops and First Amendment rights of bystanders not already produced in their personnel files.

Defendants shall supplement their responses to Interrogatories #14-#17 and Requests for Production #10 and #11 by October 30, 2026.

**IT IS SO ORDERED.**

**DATED: October 15, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**